UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHICAGO INSURANCE COMPANY | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE |
| REILLY-BENTON COMPANY, INC. | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Chicago Insurance Company ("Chicago") which files this Complaint seeking a judicial determination concerning the rights and obligations of the parties under certain policies of insurance issued by Chicago to Reilly-Benton Company, Inc. ("Reilly-Benton"):

### Jurisdiction

I.

Chicago is an Illinois corporation with its principal place of business in the State of Illinois.

II.

Defendant, Reilly-Benton, is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

III.

This action is brought pursuant to the Declaratory Judgment Act, Title §§ 2201, 2202 of the United States Code because there is an actual controversy among the parties. This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332. Diversity

of citizenship exists between the parties and the amount in controversy is in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs.

## Venue

IV.

Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because Defendant resides in this district.

## Factual Background

V.

Reilly-Benton is a defendant in lawsuits pending in Louisiana, Mississippi and Texas seeking damages for bodily injury, wrongful death, loss of consortium, and other claims arising out of the exposure to asbestos-containing products sold or handled by Reilly-Benton (hereinafter the "underlying claims"). The Underlying Claims include claims or lawsuits filed against Reilly-Benton which seek damages from Reilly-Benton for negligence and/or strict liability for bodily injuries, sicknesses, illnesses, loss of use, loss of consortium, disability, mental injury, mental anguish, , or seeking relief of any kind or any other injury or condition which are alleged to be a result directly or indirectly, in whole or in part, of exposure to asbestos or asbestos-containing products or materials allegedly sold, supplied, manufactured, used, removed, abated, replaced, repaired, handled, installed and/or distributed by Reilly-Benton.

VI.

Chicago issued three umbrella liability policies to defendant as follows: 55C-0033931 for the period 01-17-83 to 01-17-84, 55C-2048837 for the period 01-17-84 to 01-17-85, and 55C-2065982 for the period 01-17-85 to 01-17-86 (hereinafter the "umbrella policies").

VII.

Chicago is participating in the defense and indemnity of underlying claims under a Reservation of Rights..

VIII.

Chicago has been participating in resolution of the Underlying Claims under an informal agreement with the other insurance carriers of Reilly-Benton.

## COUNT I.

### Declaratory Judgment

X.

There is a real and justiciable controversy as to the obligations of plaintiff to defendant under the umbrella policies for the underlying claims, with respect to the following non-exclusive issues.

XI.

The umbrella policies only cover claims for bodily injury that occur during the policy periods. No coverage is provided for any bodily injury that occurs before January 7, 1983 or after January 7, 1986. Reilly-Benton seeks recovery for defense and indemnity costs from plaintiff for claims involving bodily injury outside Chicago's period of coverage, which is January 7, 1983 to January 7, 1986.

XII.

No coverage is available for any claim against an employee of Reilly-Benton with respect to personal injury to another employee ("co-employee claims") sustained in the course of employment. Certain underlying claims involve claims against Reilly-Benton employees or

former employees for injury to former employees of Reilly-Benton. Chicago has no obligation to defend or indemnify Reilly-Benton for co-employee claims under the umbrella policies.

XIII.

The umbrella policies do not include coverage for liability arising from occupational disease as asserted in the underlying claims.

XIV.

Defendant has made demands that Chicago cede its claims decision-making to other insurance carriers, which it is not obliged to do under the umbrella policies. Under the terms of the Chicago policies, Chicago has the right to control settlements involving the Chicago policies.

XV.

Plaintiff avers that a *bona fide*, justiciable controversy exists between and among the parties hereto as to the rights of Reilly-Benton to benefits under the policies.

**WHEREFORE**, Plaintiff prays that judgment be rendered in its favor, and that this Honorable Court issue a declaration determining the existence and terms of any policy along with any and all other general or equitable relief which this Court may find just and proper.

Respectfully submitted:

**DEGAN, BLANCHARD & NASH**

*/s/ Julia A. Dietz*
SIDNEY W. DEGAN, III (4804)
JULIA A. DIETZ (18866)
400 Poydras St., Suite 2600
New Orleans, Louisiana 70130
Office: 504.529.3333
Fax: 504.529.3337
*Attorneys for Plaintiff,*
*Chicago Insurance Company*